UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Marvin Orlando Johnson, | Case No. 16-cv-0435 (WMW/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Doctor Todd A. Leonard, Gwen Blossom, Michelle Skroch, and Doctor John M. Collier, | |
| Defendants. | |

---

This matter is before the Court on the June 5, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Franklin L. Noel, (Dkt. 109), which recommends granting the motion for summary judgment filed by Defendants Dr. Todd A. Leonard, Gwen Blossom, and Michelle Skroch, all of whom are employed by MEND Correctional Care and contracted to provide medical care at the Sherburne County Jail through MEND Correctional Care (collectively, "MEND Defendants"). Plaintiff Marvin Orlando Johnson filed timely objections to the R&R, (Dkt. 112), to which the MEND Defendants filed a timely response, (Dkt. 113). For the reasons addressed below, the Court overrules Johnson's objections, adopts the June 5, 2017 R&R, and grants the MEND Defendants' motion for summary judgment.

After a party files and serves specific written objections to a magistrate judge's proposed findings and recommendations, LR 72.2(b)(1), the district court reviews de novo those portions of the R&R to which an objection is made, 28 U.S.C. § 636(b)(1). When doing so, the district court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

Johnson first argues that the R&R applies the incorrect legal standard by assuming without deciding that Johnson suffered from a serious medical need. Although the R&R does not articulate with precision the legal elements necessary to support Johnson's Section 1983 claim, the R&R correctly applies the legal standard when conducting its analysis. Johnson must prove two elements for his Section 1983 claim to succeed: (1) that Johnson had objectively serious medical needs and (2) that prison officials knew of those needs and deliberately disregarded them. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). By assuming that Johnson had satisfied the first legal element—an assumption that favors Johnson—the R&R does not apply the incorrect legal standard. Rather, the R&R focuses its legal analysis on the second element, which is essential to Johnson's claim. Accordingly, the Court overrules this objection.

Johnson also argues that, contrary to the R&R's conclusion, there are genuine disputes of material fact as to whether the MEND Defendants were deliberately indifferent to Johnson's serious medical needs. Johnson asserts that there is evidence from which a jury could conclude that the MEND Defendants' delays in treating his toothaches "exacerbated [Johnson's] condition and caused the breakage an[d] extractions." To prove that the MEND Defendants actually knew of but deliberately disregarded Johnson's serious medical needs, Johnson "must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499

(8th Cir. 2008) (internal quotation marks omitted). Rather, deliberate indifference is similar to "criminal recklessness, which demands more than negligent misconduct." *Id.* Moreover, liability for damages for a federal constitutional tort, as Johnson alleges here, is personal. *Heartland Acad. Cmty. Church v. Waddle*, 595 F.3d 798, 805-06 (8th Cir. 2010). Therefore, "each defendant's conduct must be independently assessed." *Id.* at 806. The evidence here supports the R&R's conclusion that Johnson received extensive and ongoing medical care and evaluation by the MEND Defendants, as reflected in the lengthy medical records and affidavits submitted by the parties. This evidence includes undisputed medical records submitted by Johnson. It is clear from this Court's careful review that Johnson has not demonstrated that a genuine dispute of material fact remains as to whether the MEND Defendants were deliberately indifferent to Johnson's serious medical needs. Accordingly, the Court overrules this objection.

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Marvin Orlando Johnson's objections, (Dkt. 112), are **OVERRULED**;

2. The June 5, 2017 R&R, (Dkt. 109), is **ADOPTED**; and

3. Defendants Todd A. Leonard, Gwen Blossom, and Michelle Skroch's motion for summary judgment, (Dkt. 69), is **GRANTED**.

Dated: August 2, 2017         s/Wilhelmina M. Wright
                              Wilhelmina M. Wright
                              United States District Judge