UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Marvin Orlando Johnson, | Case No. 16-cv-0435 (WMW/FLN) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| Doctor Todd A. Leonard; Gwen Blossom; Michelle Skroch; and Doctor John M. Collier, DDS, | |
| Defendants. | |

---

This matter is before the Court on the January 22, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Franklin L. Noel, (Dkt. 166), which recommends granting Defendant Doctor John M. Collier, DDS's motion for summary judgment. Dr. Collier is employed by K.O.A.L.A. Dental Care II, LLC, which provides dental care at the Sherburne County Jail. Plaintiff Marvin Orlando Johnson filed timely objections to the R&R, (Dkt. 167), to which Dr. Collier timely responded, (Dkt. 168). For the reasons addressed below, the Court overrules Johnson's objections, adopts the R&R, and grants Dr. Collier's motion for summary judgment.

After a party files and serves specific written objections to a magistrate judge's proposed findings and recommendations, the district court reviews de novo those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1)(c). When doing so,

the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3).

The R&R recommends granting summary judgment in favor of Dr. Collier as to Johnson's claim for deliberate indifference under the Eighth Amendment to the United States Constitution. To establish a claim of deliberate indifference, Johnson must present (1) proof of an objectively serious medical need and (2) proof that Dr. Collier knew of but deliberately disregarded that need. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). Johnson first objects to the R&R's determination that he did not establish a serious medical need. But he is mistaken. The R&R assumes that Johnson satisfies this first element. The R&R's legal analysis addresses the second element, which is essential to Johnson's claim. Accordingly, the Court overrules this objection.

Johnson also argues that, contrary to the R&R's conclusion, there are genuine disputes of material fact as to whether Dr. Collier knew of but deliberately disregarded Johnson's serious medical needs. Johnson asserts that there is evidence from which a jury could conclude that Dr. Collier's delays in treating Johnson's dental needs followed by inadequate treatment of those needs caused Johnson constant pain and irreparably damaged Johnson's teeth. But, to prove that Dr. Collier actually knew of and deliberately disregarded Johnson's serious medical needs, Johnson must show "more even than gross negligence." *Id.* (internal quotation marks omitted). Deliberate indifference is "equivalent to criminal-law recklessness, which is more blameworthy than negligence." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (internal quotation marks

omitted). Without more, Johnson's disagreement with Dr. Collier's treatment decisions does not establish a constitutional violation. *Popoalii*, 512 F.3d at 499.

The evidence here supports the R&R's conclusion that Johnson received extensive and ongoing dental evaluation and care by Dr. Collier, as reflected in the medical records and affidavits submitted by the parties. This evidence includes undisputed medical records submitted by Johnson. Johnson argues that an eight-month delay in the placement of a *permanent* filling is a sufficient basis to find deliberate indifference. But Johnson received dental care, including the placement of multiple temporary fillings, throughout the delay. It is evident from the Court's review of the record that Johnson has not demonstrated that a genuine dispute of material fact remains as to whether Dr. Collier knew of but deliberately disregarded Johnson's serious medical needs. Accordingly, the Court overrules this objection.

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Marvin Orlando Johnson's objections, (Dkt. 167), are **OVERRULED**;

2. The January 22, 2018 R&R, (Dkt. 166), is **ADOPTED**; and

3. Defendant Doctor John M. Collier, DDS's motion for summary judgment, (Dkt. 115), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 5, 2018                                         s/Wilhelmina M. Wright
                                                             Wilhelmina M. Wright
                                                             United States District Judge

3